NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 13, 2019
Decided March 14, 2019

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-1425

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 16-CR-7 |
| TERELL SHANKLE, *Defendant-Appellant*. | Lynn Adelman, *Judge*. |

**O R D E R**

Terrell Shankle was convicted on six sex-trafficking counts related to his forced recruitment of five women and girls into prostitution between 2008 and 2013. *See* 18 U.S.C. §§ 1591, 2423(a), (e). The district court sentenced him to a below-guidelines prison term of 300 months to be followed by 5 years' supervised release. Shankle appeals, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Shankle has responded to counsel's motion. *See* CIR. R. 51(b). Because counsel's analysis appears thorough, we limit our review to the subjects he covers and the issues that Shankle raises. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first considers whether Shankle could challenge the district court's pretrial evidentiary ruling that a detective who testified about common sex-trafficking practices qualified as an expert. But counsel appropriately concludes that doing so would be frivolous because the district court properly evaluated the expert's qualifications, reliability, and relevance. *See* FED. R. EVID. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993); *Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 779 (7th Cir. 2017). Regarding the detective's qualifications and reliability, the judge observed that she had participated in over 50 sex-trafficking investigations. This "[t]raining and experience," the judge permissibly concluded, qualified her to testify with knowledge about how pimps interact with their victims. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 148–49 (1999); *United States v. Parkhurst*, 865 F.3d 509, 516–17 (7th Cir. 2017). As to relevance, the judge reasonably ruled that the jury could benefit from the expert's testimony about unfamiliar terms and practices related to sex-trafficking. *See Parkhurst*, 865 F.3d at 516; *see also United States v. Brinson*, 772 F.3d 1314, 1318–19 (10th Cir. 2014) (holding that the district court did not abuse its discretion in admitting detective's expert testimony about common sex-trafficking practices).

Counsel also considers whether Shankle could challenge two other pretrial evidentiary rulings, but correctly concludes that that no nonfrivolous arguments exist. The first ruling permitted the government to refer to the prostitutes as "victims" in its opening and closing arguments and direct examination of the expert detective. But a challenge would be pointless because parties may make arguments supported by the evidence, and evidence suggested that the prostitutes were indeed victims. *See United States v. Turner*, 651 F.3d 743, 752 (7th Cir. 2011). The court's second ruling— to exclude the witnesses' sexual history—was also appropriate. That evidence did not bear on whether Shankle forced or coerced them to engage in the prostitution that led to Shankle's charges. *See* FED. R. EVID. 412; *United State v. Carson*, 870 F.3d 584, 592–96 (7th Cir. 2017).

Counsel next considers whether Shankle could challenge the sufficiency of the evidence supporting the verdicts. As counsel properly recognizes, we would ask whether the evidence, viewed in the light most favorable to the government, would enable a rational jury to find the elements of each charged offense. *See United States v. Cooper*, 767 F.3d 721, 727 (7th Cir. 2014) (quoting *United States v. Johnson*, 729 F.3d 710, 714 (7th Cir. 2013)). We agree with counsel that Shankle could not raise worthwhile challenges to the verdicts.

The first count of Shankle's indictment charged him with conspiracy to transport a minor to engage in prostitution. *See* 18 U.S.C. § 2423(a), (e). To convict, the government had to prove that Shankle (1) knowingly joined with the intent to advance (2) a conspiracy to

transport a minor to engage in prostitution in interstate commerce. *See id.; United States v. Bonty*, 383 F.3d 575, 577–78 (7th Cir. 2004). Testimony from Shankle's co-conspirator and an underage victim established that she and Shankle agreed to drive the minor victim from Milwaukee to Chicago to work as a prostitute in hotels paid for by Shankle. The victim also testified that Shankle sent her from Milwaukee to Minnesota to work as a prostitute for his cousin. A sufficiency challenge would thus be hopeless.

Counts two through four charged Shankle with sex trafficking four minors through force, fraud, or coercion. *See* 18 U.S.C. § 1591. The *mens rea* requirement was amended during the time period that Shankle committed his offenses and became easier for the government to prove. But under the version of the statute most favorable to Shankle, sufficient evidence at trial established that Shankle had the requisite *mens rea*. The statute required that (1) he knowingly recruited, enticed, harbored, transported or obtained his victims, (2) he knew *either* that force, fraud or coercion would be used to get his victims to engage in prostitution *or* that his victims were under the age of 18 and would be caused to engage in prostitution, and (3) the offenses affected interstate commerce. *See* 18 U.S.C. § 1591 (eff. July 27, 2006, to Dec. 22, 2008). Each victim testified either that Shankle introduced them to prostitution (how to find "dates" and how much to charge) or that he drove them to meet "Johns." And each victim testified that she either told Shankle her age, showed him identification reflecting her age, or that Shankle picked her up from high school. Finally, to establish interstate commerce, several victims testified that Shankle used online ads to solicit dates for his victims. *See United States v. Campbell*, 770 F.36d 556, 574-75 (7th Cir. 2014).

Shankle's last two charges were for sex trafficking two adults through force, fraud or coercion. *See* 18 U.S.C. § 1591 (eff. Dec. 23, 2008, to May 28, 2015). The government had to prove that (1) Shankle knowingly recruited, enticed, harbored, transported or obtained his victims, (2) he knew that force, fraud or coercion would be used to cause his victims to engage in prostitution, and (3) the offenses affected interstate commerce. *See id*. The victims testified that he drove them to Chicago regularly to get dates, and that he either beat them or threatened them with a gun when they held back money or tried to leave him. Thus, it would be futile to challenge the sufficiency of evidence on these verdicts.

Next, counsel appropriately concludes that she could not mount a nonfrivolous challenge to the calculation of the sentencing guidelines range. Given Shankle's several counts of conviction, the starting point for his base offense level is the level applicable to the group of convictions with the highest offense level. *See* U.S.S.G. § 3D1.4. Here, Counts 1 and 3 (grouped together because they involved the same victim) have the highest offense level of 42. This level is increased by the number of "units" assigned to

his other counts. *Id*. The probation officer erroneously identified the victim in one of those counts as a minor (instead of an adult). But if the probation officer had identified the victim correctly, the upward adjustment of 4 levels would have remained the same. *Id*. Thus, the mistake was harmless, and any challenge based on it would be frivolous. *See United States v. Morris*, 775 F.3d 882, 885 (7th Cir. 2000).

In his response, Shankle raises two other frivolous challenges. First, he argues that Counts 2 and 3 are duplicitous. A count is duplicitous if it charges the defendant with committing two different offenses (thus permitting the jury to convict on the count without agreeing unanimously on which offense the defendant committed). *See United States v. Buchmeier*, 255 F.3d 415, 421, 425–26 (7th Cir. 2001); *United States v. Berardi*, 675 F.2d 894, 899 (7th Cir. 1982). Shankle believes that this happened in both Counts 2 and 3 because they each alleged that Shankle violated 18 U.S.C. § 1591 *either* by using force *or* with knowledge that the victims corresponding to each count were minors. Shankle, however, forfeited this argument because he did not raise it in a pretrial motion. *See* FED. R. CRIM. P. 12(b)(3)(B)(i); *United States v. Boliaux*, 915 F.3d 493, 496 (7th Cir. 2019); *United States v. Nixon*, 901 F.3d 918, 920–21 (7th Cir. 2018). Even if he had timely objected, his contention is meritless. To convict on each count, the judge instructed the jury that it had to agree unanimously on which means (force or knowledge of age or both) it found Shankle guilty of for each victim. And the jury reported that it unanimously found him guilty of *both* means for each count. Accordingly, Shankle's concern that the jury did not unanimously convict on the statute's required elements is unfounded. *See Buchmeier*, 255 F.3d at 425-26; *Berardi*, 675 F.2d at 899.

Second, Shankle argues that his trial lawyer was ineffective, but that claim is best raised in a collateral proceeding rather than on direct appeal so that Shankle may develop a more thorough evidentiary record. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003); *Delatorre v. United States*, 847 F.3d 837, 844–45 (7th Cir. 2017).

Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.